IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GONZALES,

    Petitioner,

v.                                                     No. 21-cv-1134 KG-JHR

RICARDO MARTINEZ,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Antonio Gonzalez' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1) (Petition). The Petition ostensibly challenges his state rape convictions. However, instead of raising grounds for relief, Petitioner seeks to toll the federal limitation period while he pursues habeas relief in state court. Having reviewed the skeletal Petition and applicable law, the Court will deny the request for tolling. Petitioner must proceed now with a Section 2254 proceeding or return to state court, as set forth below.

I. Procedural Background[1]

In 2019, a jury convicted Petitioner of one count of criminal sexual penetration of a child under 13 and four contacts of criminal sexual contact with a minor. (Judgment) in D-1215-CR-2016-079. The state court sentenced him to 48 years imprisonment. *Id.* Judgment was entered June 25, 2019. *Id.* Petitioner filed a direct appeal with the New Mexico Court of Appeals

---

[1] In reviewing the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-1215-CR-2016-079 and S-1-SC-38925. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (permitting judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet …").

(NMCA). (Doc. 1) at 2. The NMCA affirmed the conviction and sentence. *Id.* By an Order entered September 2, 2021, the New Mexico Supreme Court (NMSC) denied certiorari relief. (Order) in S-1-SC-38925. Petitioner did not seek further review with the United States Supreme Court (USSC). (Doc. 1) at 3. His conviction therefore became final no later than December 2, 2021, the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, the conviction becomes final after the 90-day USSC certiorari period).

Petitioner filed the instant skeletal Petition on November 29, 2021. Under Ground One, Petitioner writes:

> I am request[ing] the Federal Habeas Corpus [limitation period] be tolled while I pursue [a] state habeas corpus petition, and request leave to amend this petition once the state habeas corpus petition is exhausted.

(Doc. 1) at 4. The Petition contains no substantive arguments for relief from the convictions. The Court will consider Petitioner's request for tolling along with his options going forward.

II. Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)    While a state habeas petition is pending, § 2244(d)(2);

(2)    Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)    Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

2

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, equitable tolling may also available. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

This case presents an unusual scenario. Petitioner filed the Petition within the one-year limitation period - as it only began to run in December 2021 - but he seeks tolling. The Court discerns Petitioner wishes to leave the federal case open without asserting substantive claims while he pursues state habeas relief. The Court will deny this request, for several reasons. First, it is unnecessary to leave the federal case open. A state habeas petition tolls the federal limitation period from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *See* 28 U.S.C. § 2244(d)(2); *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001). Hence, Petitioner can achieve the desired result by filing a state habeas petition as soon as possible and, if he does not obtain relief, refiling the federal case immediately after the NMSC denies relief. There is still a significant buffer with respect to the federal limitation period. The one-year began running on December 2, 2021, after the judgment became final. *See Rhine,* 82 F.3d at 1155. Petitioner has roughly 10 months left in the one-year period to refile his federal claims after any unsuccessful state habeas proceeding.

Petitioner's request for federal tolling is also not supported by law. As a general matter, an unexhausted federal habeas proceeding does not toll the one-year limitation period. *See York v. Galetka,* 314 F.3d 522, 526 (10th Cir. 2003) (the "time spent in federal habeas review is not" a tolling event). It appears Petitioner hopes to avoid this rule by leaving the case open and obtaining the benefit of relation back when he files an amended petition. Relation back can

apply in habeas proceedings. *See United States v. Roe*, 913 F.3d 1285, 1298 (10th Cir. 2019). However, "the original and amended [petitions must] state claims that are tied to a common core of operative facts." *Id.* The instant Petition cannot meet this standard because it raises no claims. There is one other mechanism to stay a federal habeas proceeding. Mixed petitions, containing both exhausted and unexhausted claims, can be held "in abeyance while the petitioner returns to state court to raise his unexhausted claims." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). This procedure does not apply to the instant Petition because, again, there are no claims. Even if the procedure did apply, such stays are rare. *See Rhines v. Weber,* 544 U.S. 269, 270 (2005) (addressing mixed petitions and noting "stay and abeyance should be available only in limited circumstances").

Finally, Petitioner's request for tolling is not practical. To exhaust a state habeas petition, one must litigate the matter in trial court and then complete a direct certiorari appeal with the NMSC. *See Gonzales v. Bravo,* 561 Fed. App'x 673, 677 (10th Cir. 2014) (to exhaust, a habeas petition must argue each claim in the New Mexico Supreme Court). In the court's experience, this process takes about two or three years. Complex cases often last longer. This Court is not inclined to keep an inactive case on its docket for years without an exceptional justification, which Petitioner has not provided.

For these reasons, the Court will deny Petitioner's request for tolling based on the skeletal Petition. Petitioner has two options going forward. If he is inclined to pursue state habeas relief, he can simply decline to respond to this ruling and file his habeas petition in state court. After 30 days, this Court will dismiss the skeletal Petition without prejudice to refiling after the state habeas proceeding is complete. The skeletal Petition will not count as Petitioner's "first"

Section 2254 habeas action.  And, any subsequent § 2254 actions will not be subject to the restrictions on 'second or successive' habeas filings.  *See Castro v. United States,* 540 U.S. 375, 382 (2003) (federal district courts generally only have jurisdiction to consider a petitioner's "first" habeas proceeding on the merits).  Petitioner is reminded that a pending state habeas petition will automatically toll the one-year federal limitation period, as long as he files it before December 2, 2022.  If he files the state proceeding promptly after receiving this ruling, and then re-files a Section 2254 petition promptly if the state courts deny relief, his Section 2254 claims should be timely.

If Petitioner is inclined to pursue federal habeas relief now, he must file an amended Section 2254 petition raising substantive claims within 30 days of entry of this ruling.  Any amended Section 2254 petition must be accompanied by the $5.00 filing fee or an *in forma pauperis* motion.  To clarify, all of the claims Petitioner raised during his prior appeal with the NMSC are exhausted.  Petitioner is not required to re-raise those same claims in a state habeas proceeding, which is a point of confusion for many *pro se* litigants.  However, if Petitioner has new claims that were not raised on direct appeal, those new could be dismissed or barred if he elects to proceed with the federal proceeding now.  Petitioner can also file a mixed Section 2254 petition – containing exhausted and unexhausted claims - within 30 days and try to renew his request for a stay.  But, as noted above, such stays are rare.

Petitioner is finally advised that he must choose between the above options (*i.e.,* dismissing this case and filing a state habeas petition or, alternatively, proceeding here and now with an amended Section 2254 petition).  This Court will not entertain a concurrent proceeding, where he prosecutes habeas claims in state and federal court at the same time.

5

IT IS ORDERED:

1. Petitioner's request for federal tolling is denied without prejudice.

2. If Petitioner wishes to pursue state habeas relief, that state proceeding will automatically toll the federal limitation period, and Petitioner need not respond to this ruling. The Court will dismiss this case without prejudice to refiling, if Petitioner declines to respond within thirty (30) days.

3. If Petitioner wishes to pursue federal habeas relief now, he must file an amended Section 2254 petition raising substantive claims within thirty (30) days of entry of this ruling.

4. The Clerk's Office shall mail Petitioner a form Section 2254 petition and a form motion to proceed *in forma pauperis*.

_____
UNITED STATES DISTRICT JUDGE