IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GONZALES,

     Petitioner,

v.                                                                                    No. 21-cv-1134 KG-JHR

RICARDO MARTINEZ,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Petitioner Antonio Gonzales' failure to amend

his 28 U.S.C. § 2254 claims.   After Petitioner filed a skeletal pleading, the Court gave him the

option of proceeding now with federal claims or returning to state court to exhaust.   Petitioner

declined to amend his federal petition, and the Court will dismiss this matter without prejudice.

I.   Procedural Background[1]

In 2019, a jury convicted Petitioner of one count of criminal sexual penetration of a child

under 13 and four contacts of criminal sexual contact with a minor.   (Judgment) in D-1215-CR-

2016-079.   The state court sentenced him to 48 years imprisonment.   *Id.*   Judgment was entered

June 25, 2019.   *Id.*   Petitioner filed a direct appeal with the New Mexico Court of Appeals

(NMCA).   (Doc. 1) at 2.   The NMCA affirmed the conviction and sentence.   *Id.*   By an Order

entered September 2, 2021, the New Mexico Supreme Court (NMSC) denied certiorari relief.

---

[1] In reviewing the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-1215-CR-2016-079 and S-1-SC-38925.   *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (permitting judicial notice of docket information from another court); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet …").

(Order) in S-1-SC-38925.   Petitioner did not seek further review with the United States Supreme Court (USSC).   (Doc. 1) at 3.   His conviction therefore became final no later than December 2, 2021, the first business day after expiration of the 90-day federal certiorari period.   *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, the conviction becomes final after the 90-day USSC certiorari period).

Petitioner filed a skeletal Section 2254 petition on November 29, 2021.   (Doc. 1) (Petition).   Under Ground One, Petitioner writes:

> I am request[ing] the Federal Habeas Corpus [limitation period] be tolled while I pursue [a] state habeas corpus petition, and request leave to amend this petition once the state habeas corpus petition is exhausted.

(Doc. 1) at 4.   The Petition contains no substantive claims for relief from the state convictions. By a Memorandum Opinion and Order entered January 25, 2022, the Court screened the Petition pursuant to Habeas Rule 4.   (Doc. 2) (Screening Ruling).   The Screening Rule set out the statute of limitations along with Plaintiff's options going forward.   The Court will dismiss the case based on Plaintiff's failure to respond, as set forth below.

II. Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final.   28 U.S.C. § 2244(d)(1)(A).   The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, §

2

2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, equitable tolling may also available.   *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted in the Screening Ruling, the judgment became final no later than December 2, 2021.   Petitioner has time to file a state habeas petition, which tolls the limitation period if filed within one year after the judgment becomes final.   *See* 28 U.S.C. § 2244(d)(2); *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001).   Hence, the Court denied Petitioner's request to leave the federal case open without asserting substantive claims while he pursues state habeas relief. The Screening Ruling provided two options.   Petitioner was permitted to file an amended Section 2254 petition raising substantive claims by February 25, 2022.   Alternatively, he could simply decline to respond to the Screening Ruling and file his habeas petition in state court.   The Screening Ruling advised that the failure to timely file an amendment would result in dismissal without prejudice.

Petitioner did not amend his federal Petition or otherwise respond to the Screening Ruling.   Accordingly, the Court will dismiss the Petition without prejudice to refiling.   The skeletal Petition will not count as Petitioner's "first" Section 2254 habeas action.   And, any subsequent Section 2254 actions will not be subject to the restrictions on 'second or successive' habeas filings.   *See Castro v. United States,* 540 U.S. 375, 382 (2003) (federal district courts generally only have jurisdiction to consider a petitioner's "first" habeas proceeding).   Petitioner is reminded that any later-filed Section 2254 petitions will still be subject to the one-year

3

limitation period.

IT IS ORDERED:

1.   Petitioner's 28 U.S.C. § 2254 Habeas Petition filed November 29, 2021 (Doc. 1) is
dismissed without prejudice to refiling.

2.   The Court will enter a separate judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

4